Homer **FELLER, d/b/a Mount Level Orchards, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**Misc. Civ. No. 81–11–M.**

United States District Court, N. D. West Virginia, Martinsburg Division.

Aug. 2, 1982.

William H. Loy, Martinsburg, W. Va., for plaintiff-appellant.

William Kolibash, U. S. Atty., Betsy Steinfeld, Asst. U. S. Atty., Wheeling, W. Va., for defendant-appellee.

## MEMORANDUM AND ORDER

MAXWELL, Chief Judge.

This is an action for judicial review of a final decision of the Secretary of Labor, made following an administrative hearing, imposing a civil penalty of $500.00 against the plaintiff-appellant, Homer Feller, d/b/a Mount Levels Orchards, for a violation of the Farm Labor Contractor Registration Act (hereinafter referred to as FLCRA), 7 U.S.C. § 2041 *et seq.*[1] Jurisdiction to determine this appeal is under § 9(b)(3) of the Act, 7 U.S.C. § 2048(b)(3). The standard of

---

1. The administrative hearing encompassed two other alleged violations of the FLCRA as well as the one which is the subject of this proceeding. The other alleged violations were found not to be substantiated and were dismissed. They will not, of course, be considered in this action.

review, prescribed by the same statutory provision, is that "The findings of the Secretary shall be set aside if found to be unsupported by substantial evidence as provided by section 706(2)(E) of Title 5." For purposes of review of an agency decision, "substantial evidence" has been defined as

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence"....

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *accord, Missouri-Kansas-Texas R. Co. v. United States*, 632 F.2d 392 (5th Cir. 1980), *cert. denied* 451 U.S. 1017, 101 S.Ct. 3004, 69 L.Ed.2d 388 (1981). Cognizant of the narrow scope of review, the Court has examined the record and finds that the decision appealed from has ample evidentiary support and represents a correct application of the governing legal principles.

Homer Feller, d/b/a Mount Levels Orchards, the plaintiff-appellant, is the owner and operator of a peach and apple orchard located at Levels, West Virginia, within this judicial district. As such, he has employed, for a number of years, migrant farm laborers to harvest his crops and to prune and otherwise maintain his orchards. In the summer of 1977, as the undisputed evidence shows, he engaged the services of one Gloria Brinkley, a/k/a Gloria McClain, as a farm labor contractor to supply farm laborers to harvest his crop. In September of that year, compliance officers from the Wage and Hour Division of the Department of Labor conducted a routine investigation and issued a notice of violation, charging that the plaintiff-appellant had engaged an unregistered farm labor contractor, contrary to § 4(c) of FLCRA, 7 U.S.C. § 2043(c), which provides that

No person shall engage the services of any farm labor contractor to supply farm laborers unless he first determines that the farm labor contractor possesses a certificate from the Secretary that is in full force and effect at the time he contracts with the farm labor contractor.

The evidence adduced at the hearing provided ample support for the finding that Mrs. Brinkley (McClain) did not possess a valid certificate at any time during 1977. Compliance officer Marquess testified that Mrs. Brinkley (McClain) was unable to produce evidence of registration, although she indicated that she had made application; and, Mr. Marquess indicated that records checks in Atlanta, Georgia and Orlando, Florida verified that she had no current registration certificate in 1977. Similarly, the undisputed evidence was that the plaintiff-appellant engaged Mrs. Brinkley (McClain) as a farm labor contractor in 1977. Mr. Feller testified, and Administrative Law Judge Burrow found as a fact, that at his request, Mrs. Brinkley (McClain) showed him, prior to her engagement as a farm labor contractor in the summer of 1977, what she represented to be a current certificate of registration. None of these findings is realistically subject to challenge under the substantial evidence standard. Indeed, as the Court understands it, the issue presented here is, in essence, a dispute to the appropriate legal standard rather than the ALJ's factual determinations.[2]

The defendant-appellee relies primarily on *Mountain Brook Orchards, Inc. v. Marshall*, 640 F.2d 454 (3rd Cir. 1981) and *In the Matter of Wallace Brothers*, Civ.No. S–79–730 PCW (E.D.Cal. April 22, 1981) (unpublished) in seeking to uphold the penalty assessment in this case.

In *Mountain Brook Orchards, Inc.*, the grower engaged three farm labor contractors to furnish migrant laborers to help in harvesting the orchard's crop. Each of the

---

**2.** Although the plaintiff-appellant's brief casts aspersions on the fact-finding procedure, the thrust of his argument is that he took reasonable steps to determine that Mrs. Brinkley (McClain) held a current certificate at the time in question. To the extent that the reasonableness of Feller's actions in this regard may be considered as a factual issue, the alleged flaws in the administrative proceeding do not appear to be germane.

contractors possessed an unrevoked and current certificate of registration from the Secretary of Labor which authorized him to recruit, solicit, hire, furnish and transport migrant workers. They were not authorized to house the workers, and their certificates so indicated on their faces. The manager of the orchard inspected the certificates and was thus made aware of the limitation contained therein. The contractors were nevertheless placed in control of housing the laborers, and a civil penalty was assessed for violation of 7 U.S.C. § 2043(c). The district court set aside the penalty, holding, in effect, that certification under the Act for any one endeavor satisfied the requirement that a certificate be in "full force and effect" for all endeavors. 640 F.2d at 455. The Court of Appeals reversed, holding the "in full force and effect" standard requires a current, valid and unrevoked certificate authorized for all activities for which the grower engages the farm labor contractor. The action was remanded to the district court to address other arguments advanced by Mountain Brook Orchards which had not been reached in its initial decision.

*In the Matter of Wallace* presented a different factual situation. There, the farm labor contractor, Sandoval, orally represented that he was certificated and produced a letterhead containing his State of California contractor's license number.[3] The district court sustained the civil penalty, finding that

> * * * Congress intended compliance to be accomplished *only* by the employer's verification that he had seen the registration card the contractor was required to carry

on his person. Any attempt to verify registration of a farm labor contractor on any basis short of physical examination of the card would, then, be a violation of the Act.

It is readily apparent that these cases are factually distinguishable from the matter *sub judice*, and indeed, it may be arguable that *In the Matter of Wallace* is more supportive of the plaintiff-appellant's position than that of the defendant-appellee. Nevertheless, the Court concludes that principles enunciated in these cases are applicable here and sustain the Secretary's position.

■ As *Mountain Brook Orchards* points out, the FLCRA was enacted in 1963 with the purpose of eliminating perceived abuses of migrant farm workers, "a callously exploited group in America." 640 F.2d at 457. After some ten years of experience with the Act, it was the sense of the Congress that it had failed to accomplish its goal, and in 1974, the Act was amended "to provide for the extension of coverage and to further effectuate the enforcement of the Act." 4 *U.S.Code Cong. & Ad.News* 6441–6442 (1974). The legislative history, and particularly the Senate Report, indicated that one of the causes of ineffective enforcement of the original Act was

> [T]he absence of any requirement that those who benefit from the work of migrant laborers assume any responsibility for engaging only registered farm labor contractors.

*Id.* at 6443.

■ Section 4(c) of the Act, as amended, 7 U.S.C. § 2043(c), sought to correct this

---

**3.** These facts are not recited in the district court's unpublished opinion. They are, however, set forth in the administrative Decision and Order, In the Matter of Wallace Brothers, Case No. 79–FLCRA–407P. A copy of each is appended to the Secretary's post-trial brief filed with ALJ Burrow, and is part of the record. It is worthy of note that this brief was served on counsel for plaintiff-appellant at that time, and counsel's complaint about the failure to attach copies of these authorities to the brief filed in this Court is not well-taken. Counsel's complaint that he has not been provided a copy of the transcript of the administrative hearing is also without merit. On July 17, 1981, the

Regional Solicitor for the Department of Labor inquired of counsel whether he intended to order a copy of the transcript and informed him of how to do so. Because of a dispute as to when counsel for the plaintiff-appellant was first notified of the availability of the transcript, ALJ Burrow, on August 17, 1981, again informed counsel of how he could order a copy of the transcript, and of the alternative of reviewing the original transcript in the ALJ's office. Judge Burrow also again extended the time for the filing of a brief until September 1, 1981. Under these circumstances, the Court is of opinion that there is no legitimacy to counsel's complaint regarding the transcript.

shortcoming in the original Act. It seems quite clear that Congress intended thereby to place an affirmative duty on those persons engaging farm labor contractors to first ascertain that the contractor possesses a current, valid and unrevoked certificate covering each activity for which the contractor is engaged. To hold, as plaintiff-appellant would suggest (and as might be inferred from *In the Matter of Wallace, supra*) that growers can satisfy the statutory requirement by a cursory examination of a purportedly valid certificate could, as Judge Higginbotham so aptly put it in *Mountain Brook Orchards*, 640 F.2d at 459 " * * * open the floodgates to subterfuge and abuse of the very rights which Congress created to protect migrant workers."

Under the regulatory scheme, the Administrator of the Wage and Hour Division in the Department of Labor is required to maintain a public central registry of all persons issued Certificates of Registration or Farm Labor Contractor Employee Identification Cards, and this information is available upon request. 29 C.F.R. § 40.6 (1981). One who engages a farm labor contractor without first making inquiry to the Administrator to determine whether he possesses a proper certificate runs afoul of the law if the contractor does not have a current, valid and unrevoked certificate.

■ The record clearly demonstrates that the plaintiff-appellant engaged Mrs. Brinkley (McClain) as a farm labor contractor in 1977, at a time when she did not possess a certificate in full force and effect, and that he did so without making appropriate inquiry as to whether she was properly certificated. Accordingly, the final decision of the Secretary assessing a civil penalty of $500.00 is supported by substantial evidence and must be affirmed, and it is so ORDERED.[4] It is further

ORDERED that this action be dismissed and stricken from the docket.

---

4. The Court is of opinion that oral argument would not aid significantly in the decisional process, and the plaintiff-appellant's request therefor is accordingly denied.